UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **PHI HEALTH, LLC,**<br><br>*Petitioner*,<br><br>v.<br><br>**BOON-CHAPMAN BENEFIT ADMINISTRATORS, INC., CITIZENS MEDICAL CENTER, AND XYZ CORP,**<br><br>*Respondent*. | CIVIL ACTION NO.: 1:24-cv-836 |

## PETITION TO CONFIRM ARBITRAL AWARD

PHI Health, LLC brings this petition to confirm two related arbitration awards entered in PHI's favor ("IDR Award 378864," and together with "IDR Award 378865," the "IDR Awards") and to enter judgment for PHI in the amount of $25,558.52.

## INTRODUCTION

1. This action is necessary because Defendants have refused to pay to PHI the money that they were ordered to pay in arbitration awards rendered pursuant to the federal No Surprises Act.

2. PHI is an air ambulance company that provides emergency medical transports to patients across the country. PHI transported a patient covered by Defendants. After Defendants refused to pay PHI's billed charges for this service, PHI initiated an arbitration pursuant to the federal No Suprises Act. That Act gives PHI the power to compel group health insurance plans and insurers to participate in binding arbitration over the amount of reimbursement owed. The

arbitration is called "Independent Dispute Resolution," or IDR; the arbitrator is called an "IDR entity."

3. The No Surprises Act makes the IDR entity's determination "binding upon the parties involved," and requires the group health plan or insurer to pay what it owes within thirty calendar days after the IDR entity's determination is made.

4. This confirmation action is made necessary because Defendants have failed—for many months—to pay PHI what the IDR entity's determination, and the No Surprises Act, require Defendants to pay for PHI's services.

5. PHI therefore brings this petition, pursuant to the Federal Arbitration Act ("FAA") and the Texas Arbitration Act ("TAA") to enter an order confirming the IDR award and judgment against Defendants for the amount of money owed PHI.

## PARTIES

6. PHI is a limited liability company organized under the laws of the State of Louisiana and headquartered in Phoenix, Arizona. PHI does not have a network contract with Defendants; PHI is thus a "nonparticipating provider" for purposes of the No Surprises Act.

7. Defendant Boon-Chapman Benefit Administrators, Inc. ("Boon-Chapman") is an administrator of group health plans. Boon-Chapman's headquarters are in Austin, Texas. It may be validly served with process at 9401 Amberglen Boulevard, Suite 100, Austin, Texas 78729, or through its registered agent CT Corporation System at 1999 Bryan Street, Suite 900, Dallas, Texas 75201. Boon-Chapman knows the identity of the Plan Sponsor of the group health plan that provided coverage to the patient whose transport is at issue in this case.

8. On information and belief based on documents provided to PHI by Boon-Chapman, Defendant Citizens Medical Center is the Plan Sponsor of the employee health and welfare benefits

Plan that provided coverage to the patient whose transport is at issue in this case. Citizens Medical Center's headquarters are in Victoria, Texas. Citizens Medical Center may be validly served with process by serving its registered agent, David Brown, at 2701 Hospital Drive, Victoria, Texas 77901.

9. If Citizens Medical Center just described is not in fact the Plan Sponsor of the group health plan that provided coverage to the patient whose transport is at issue in this case, then the identity of the Plan Sponsor is unknown to PHI and this action is instead brought against XYZ CORP, the Plan Sponsor of the group health plan that provided coverage to the patient whose transport is at issue in this case. PHI does not know the identity of XYZ CORP. Defendant Boon-Chapman is aware of the identity of XYZ CORP.

10. The Plan Administrator is for all relevant purposes the agent of Citizens Medical Center or XYZ CORP and has actual and apparent authority to act on Citizens Medical Center's or XYZ CORP's behalf in all matters relevant here. Notice to the Plan Administrator also qualifies as notice to Citizens Medical Center or XYZ CORP.

## JURISDICTION AND VENUE

11. This Court has federal question subject-matter jurisdiction over this case, pursuant to 28 U.S.C. § 1331, because this is an action to confirm a federal arbitral award entered pursuant to the federal No Surprises Act, which federal law makes the IDR award "binding" on Defendants and also requires Defendants to pay what is owed within thirty days of the IDR entity's decision. 42 U.S.C. §300gg-112(b)(6).

12. Venue is proper in this District because Defendant Citizens Medical Center or XYZ CORP "resides" here. 28 U.S.C. § 1391(b).

13. This Court has personal jurisdiction over Defendants because Defendants do significant business in this State and have a significant presence here.

## BACKGROUND ON THE NO SURPRISES ACT

14. The No Surprises Act creates a federal obligation for group health plans and health insurers to pay out-of-network providers of air ambulance services (which the Act calls "nonparticipating providers") for emergency services rendered to the plans' or insurers' covered members or insureds. Specifically, the group health plan or insurer must pay the out-of-network air-ambulance provider the dollar amount by which the "out of network rate (as defined in section 300gg-111(a)(3)(K) of this title) . . . exceeds the [patient's] cost sharing amount." 42 U.S.C.§ 300gg-112(a)(3)(B).[1]

15. The NSA contains a detailed mechanism for determining what the appropriate "out of network" rate is in each case. If the out-of-network air ambulance provider and the health plan or insurer are not able to agree on the appropriate out-of-network rate, then the rate is set by a "determination" of a "certified IDR entity" rendered in an "independent dispute resolution [IDR] process." 42 U.S.C. § 300gg-111(a)(3)(K).

16. The IDR process is baseball-style arbitration. Each side (the air ambulance provider and the group health plan or insurer) submits its own "offer" to the IDR entity stating what it believes the appropriate out-of-network rate to be; each party also submits reasons and evidence supporting its offer. *Id.* § 300gg-112(b)(5)(B). The IDR entity considers a number of factors, *see id.* § 300gg-112(b)(5)(C) & (D), and based on those factors "select[s] one of the offers submitted . . . to be the amount of payment," that is, to be the appropriate out-of-network rate for that transport. *Id.* § 300gg-112(b)(5)(A).

---

[1] The No Surprises Act is codified in triplicate in three different parts of the U.S. Code: 42 U.S.C. § 300gg-111 *et seq.*; (the Public Health Service ("PHS") Act); 29 U.S.C. §§ 1185e *et seq.* (ERISA); and 26 U.S.C. §§ 9816 *et seq.* (the Internal Revenue Code "IRC"). For ease of reference, this complaint cites the PHS Act provisions. The other provisions do not differ from the PHS Act provisions in any way that is significant for purposes of this petition.

17. The IDR entity's "determination" is made "binding" by the NSA, which states:

**(E) Effects of determination**

**(i) In general**

A determination of a certified IDR entity under subparagraph (A)--

(I) shall be binding upon the parties involved, in the absence of a fraudulent claim or evidence of misrepresentation of facts presented to the IDR entity involved regarding such claim; and

(II) shall not be subject to judicial review, except in a case described in any of paragraphs (1) through (4) of section 10(a) of Title 9.

42 U.S.C § 300gg-111(c)(5)(E). The statute just quoted "shall apply" to air ambulance IDR determinations. *Id.* § 300gg-112(b)(D).

18. The group health plan or insurer must make the "payment required pursuant to subsection (a)(3) [42 U.S.C.§ 300gg-112(a)(3)] . . . directly to the nonparticipating provider not later than 30 days after the date on which such determination is made" by the IDR entity. *Id.* § 300gg-112(b)(6).

## THE FACTS OF THIS DISPUTE

19. In 2022, PHI supplied emergency air ambulance transport services to a patient who was a member of Defendants' Plan under Policy No. 627423885. The patient's identifying number under the policy was 000375298PHI.

20. PHI sent Boon-Chapman a bill for these transportation services. As defined above, Boon-Chapman is the third-party administrator of Defendants' Plan and is an authorized agent of Citizens Medical Center or XYZ CORP.

21. On January 25, 2023, Boon-Chapman sent PHI an "Explanation of Benefits" form relating to the transport at issue in this case. That form stated that the Plan Sponsor was "Citizens Medical Center." The form also stated that Boon-Chapman was making two initial payments to PHI for the two service codes for this transport (AO431 and AO436).

22. The chart below sets forth the initial payments made by Defendants and the patient's "cost sharing" amounts:

| Service Code | Initial Payment | Patient's "Cost Sharing" |
|---|---|---|
| AO431 | $15,216.80 | $3,818.10 |
| AO436 | $15,272.40 | $4,504.20 |
| **TOTAL** | $30,489.20 | $8,332.30 |

23. On April 24, 2023, PHI initiated IDR proceedings by submitting Notices of Initiation through the federal IDR Portal for the transport at issue in this case. PHI gave valid notice to Boon-Chapman of the initiation of IDR proceedings.

24. The IDR dispute for service code AO431 was assigned IDR reference number 378864, and the IDR dispute for service code AO436 was assigned IDR reference number 378865. The IDR entity assigned to both disputes was National Medical Reviews, Inc. (the "IDR Entity").

25. On October 18, 2023, the IDR Entity transmitted to PHI its Written Payment Determination Notices, which include the "IDR Awards." The IDR Awards determine that the appropriate out-of-network rate for this transport in total (i.e., including both service codes) is

$64,370.02. The IDR Awards are attached hereto as <u>Exhibit 1</u>. Any identifying information regarding the patient's identity or the specifics of the services rendered to the patient by PHI have been redacted from <u>Exhibit 1</u> using black rectangles.

26. Defendants previously made an initial payment to PHI in the total amount of $30,489.20, an amount less than the IDR Awards as set forth on Exhibit 1.

27. The No Surprises Act obligates Defendants to pay PHI a total amount of $25,558.52 (the "IDR Award Balance Owed"), which represents (i) the "out-of-network rates" determined by the IDR Entity and set forth in the IDR Awards; minus (ii) the patient's "cost sharing" amount as determined by Defendants, and minus (iii) the amounts previously paid by Defendants:

| Service Code | IDR No. | IDR Award | Initial Payment | Patient's "Cost Sharing" | IDR Award Balance Owed |
|---|---|---|---|---|---|
| AO431 | 378864 | $30,728.02 | $15,216.80 | $3,818.10 | $11,693.12 |
| AO436 | 378865 | $33,642.00 | $15,272.40 | $4,504.20 | $13,865.40 |
|  |  | $64,370.02 | $30,489.20 | $8,322.30 | $25,558.52 |

28. To date, Defendants have not paid PHI the full amount it is owed, which is $25,558.52.

## **CAUSES OF ACTION**

### **Count I**
### **Application to Confirm the IDR Award**
### **Under the Federal Arbitration Act, 9 U.S.C. § 9**

29. PHI incorporates by reference the allegations of the preceding paragraphs.

30. The IDR Awards should be confirmed by judgment of this Court pursuant to the FAA, 9 U.S.C. § 9.

31. The IDR Awards are valid and have not been vacated or set aside by any authority.

32. No grounds exist for vacating, modifying, or correcting the IDR Awards.

33. Confirmation of the IDR Awards necessitates a money judgment in PHI's favor in the total amount that Defendants are obligated to pay to PHI.

### Count II
### Application to Confirm the IDR Award
### Under the Texas Arbitration Act

34. PHI incorporates by reference the allegations of the preceding paragraphs.

35. The IDR Awards should be confirmed by judgment of this Court pursuant to the Texas Arbitration Act. *See* TEX. CIV. PRAC & REM. CODE §171.002, *et seq*.

36. The IDR Awards are valid and have not been vacated or set aside by any authority.

37. No grounds exist for vacating, modifying, or correcting the IDR Awards.

38. Confirmation of the IDR Awards necessitates a money judgment in PHI's favor in the total amount that Defendants are obligated to pay to PHI.

### Count III
### Implied Right of Action under the NSA

39. The No Surprises Act ("NSA") includes an implied right of action against Defendants for the amount owed to PHI.

40. Specifically, the NSA requires Defendants to make the "payment required pursuant to subsection (a)(3) [42 U.S.C.§ 300gg-112(a)(3)] . . . directly to the nonparticipating provider not later than 30 days after the date on which such determination is made" by the IDR entity. *Id.* § 300gg-112(b)(6).

41. The NSA thus requires Defendants to pay $25,558.52 to PHI for the transport at issue in this case.

## **PRAYER FOR RELIEF**

42. PHI requests that the Court enter final judgment in its favor and against Defendants as follows:

    a. Confirming the IDR Award pursuant to the Federal Arbitration Act;

    b. Confirming the IDR Award pursuant to the Texas Arbitration Act;

    c. Ordering Defendants to pay PHI the amount of $25,558.52, representing the IDR Award Balance Owed;

    d. Awarding PHI all other relief to which it may be entitled.

Dated: July 25, 2024

    Respectfully submitted,

    SUSMAN GODFREY L.L.P.

    By: /s/ *Steven Shepard*
    Steven Shepard
    *Attorney in Charge*
    New York Bar No. 5291232
    One Manhattan West, Ste. 50th Floor
    395 9th Avenue
    New York, NY 10001
    Telephone: (212) 336-8330
    Facsimile: (212) 336-8340
    Email: sshepard@susmangodfrey.com

    Scarlett Collings (*pro hac vice forthcoming*)
    Texas Bar No. 24001906
    1000 Louisiana Street, Suite 5100
    Houston, Texas 77002
    Telephone: (713) 653-7891
    Facsimile: (713) 654-6666
    Email: scollings@susmangodfrey.com

    *Counsel for Plaintiff, PHI Health, LLC*